IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARRIS CONSTRUCTION COMPANY, LTD., | } } } |
| *Plaintiff*, | } |
| v. | } Civil Action No. H-07-3468 |
| | } |
| GGP-BRIDGELAND, LP and ROUSE-HOUSTON, LP, | } } } |
| *Defendants*. | } } |

**OPINION AND ORDER**

Presently before the Court is Harris Construction Company, Ltd.'s Motion for Leave to Designate Responsible Third Parties (Doc. 31). Upon review and consideration of this document, the response and reply thereto, the entire record in this cause, and the relevant legal authority, the Court finds that this motion should be granted.

I. Background and Relevant Facts

On September 24, 2007, Plaintiff Harris Construction Company, Ltd. (Harris) initiated suit against Defendants GGP-Bridgeland, L.P. (GGP) and Rouse-Houston, L.P. (Rouse) (collectively, Defendants) in the 133rd Judicial District Court of Harris County, Texas (Cause No. 2007-58498) asserting a cause of action under the Prompt Pay Act, TEX. PROP. CODE § 28.001 *et seq.*, as well as one for common law breach of contract. Defendants subsequently filed a notice of removal with this Court on October 22, 2007. Defendants contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

On November 5, 2007, GGP counter-sued Harris for breach of contract, negligence, breach of express and implied warranty, promissory estoppel, and contractual

indemnity.  On April 28, 2009, Counter-Defendant Harris filed the instant motion to designate responsible third parties (Doc. 31) arguing that Triple B Services, LLP (Triple B), Cowboy Construction (Cowboy), Raba-Kistner Consultants, Inc. (Raba-Kistner), Addicks Services, Inc. (Addicks), and Blue Grass Maintenance, Inc. (Blue Grass) may be responsible for Counter-Plaintiff GGP's alleged damages.   In response, GGP insists that the designation of any of these parties as responsible third parties would unfairly prejudice GGP and that Harris failed to plead sufficient facts to establish the third parties' responsibility.  The Court will address the parties' respective arguments, in turn.

II.          Legal Standard on Designation of Responsible Third Parties[1]

Section 33.004 of the Texas Civil Practice and Remedies Code provides, in pertinent part, that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party."  TEX. CIV. PRAC. & REM. CODE § 33.004.  Unless the court finds good cause, the motion must be filed 60 days before trial.  *Id*.  A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these."  TEX. CIV. PRAC. & REM. CODE § 33.011.

---

[1] A federal court applies state substantive and federal procedural law when adjudicating a diversity jurisdiction claim.  *Becker v. Wabash Nat'l Corp.*, Civil Action No. C-07-115, 2007 WL 2220961, at * 2 n.2 (S.D. Tex. July 31, 2007).  *See also Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  However, "[w]here the state rule reflects a substantive state policy not in conflict with the plain meaning of [a] federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* decision."  *Id*. at * 2 n.2 (quoting *Exxon Corp. v. Burglin*, 42 F.3d 948, 949 (5th Cir. 1995) (emphasis omitted).  The Texas proportionate responsibility statutes reflect a substantive state policy, and they do not conflict with Fed. R. Civ. P. 14, the closest federal procedural counterpart.  *Id*. (citing *Exxon*, 42 F.3d at 949).  As such, the Court shall apply TEX. CIV. PRAC. & REM. CODE § 33.004 to the instant cause.  *Id*. (citing *Exxon*, 42 F.3d at 949).

The court is to grant leave to a party to designate a person as a responsible third party unless the objecting party establishes:

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>
> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE § 33.004; *Werner*, 415 F. Supp. 2d at 702-03.

III.     Discussion

Counter-Plaintiff GGP asserts that the Court should deny Counter-Defendant Harris's motion for leave to designate responsible third parties because doing so would unfairly prejudice GGP. GGP further contends that Harris has failed to plead sufficient facts to allow for four of the five parties to be designated as responsible third parties. For the reasons set forth below, the Court disagrees with GGP's assertions.

With respect to GGP's prejudice argument, section 33.004 of the Texas Civil Practice and Remedies Code only allows the Court to deny leave to designate a responsible third party if the defendant did not plead sufficient facts to establish the alleged responsibility of the third party. The statute does not give the Court discretion to deny the instant motion on the basis of prejudice to a plaintiff. As such argument, GGP's argument must fail.

GGP's sufficiency argument is equally unpersuasive. Section 33 provides for the liberal designation of responsible third parties. *Flack v. Hanke*, No. 04-08-00177-CV, ---S.W.3d ----, 2009 WL 1464144, at * 3 (Tex. App.—San Antonio 2009). Under section 33.004 the court may deny a motion to designate only if the objecting party establishes that the defendant did not "plead sufficient facts concerning the alleged responsibility of the person to

satisfy the pleading requirement of the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004.[2]  Under Texas Rule of Civil Procedure 47(a), a pleading is sufficient if it gives notice of the cause of action and facts being alleged so that the opposing party may adequately prepare a defense. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 388 F. Supp. 2d 780, 784 n.4 (S.D. Tex. 2005) (citing *Roark v. Allen*, 633 S.W.2d 804, 809-10 (Tex. 1982)). "The actual cause of action and elements do not have to be specified in the pleadings; it is sufficient if a cause of action can be reasonably inferred." *Id.* at 784 n.4 (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)).

The Court finds that Harris has pled sufficient facts concerning the alleged responsibility of Cowboy, Raba-Kistner, Addicks, and Blue Grass.[3]  The deposition testimony of Thomas I. McDonough, Robert Ringholz, Gerald Corona, and John Arnold Focht, III addresses the potential causes of pavement distress on Bridge B-3.  Their testimony ranges from discussing whether proper field tests were performed, whether the fills were compacted properly, the precise location of the forensic borings and within whose work those borings were taken, whether and how water from irrigation lines entered into the soil, and who was responsible for and performed or failed to perform these tasks.  There are sufficient facts in the deposition testimony to give notice so that the opposing parties may adequately prepare their defense.

IV.        Conclusion

Accordingly, the Court hereby ORDERS that Harris Construction Company, Ltd.'s Motion for Leave to Designate Responsible Third Parties (Doc. 31) is GRANTED.

---

[2] The Court notes that this designation is not final.  After an adequate time for discovery has passed, "a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." TEX. CIV. PRAC. & REM. CODE § 33.004(l).  The court shall grant the motion "unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.*

[3] The Court notes that, in its response, GGP admits that Harris pled sufficient facts with respect to Triple B. (Doc. 32 at 2).  As such, the Court need not address this issue.

- 5 -

SIGNED at Houston, Texas, this 10th day of August, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE