```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


HARRIS CONSTRUCTION COMPANY,   §
LTD.,                          §
                               §
            Plaintiff,         §
                               §
VS.                            §   CIVIL ACTION H-07-3468
                               §
GGP-BRIDGELAND, L.P., AND      §
ROUSE-HOUSTON, L.P.,           §
                               §
            Defendants.        §
```

**OPINION AND ORDER OF CLARIFICATION AND PARTIAL DISMISSAL**

The above referenced cause, removed from state court on diversity jurisdiction, alleges failure by Defendants and Counter-Plaintiffs GGP-Bridgeland, L.P. and Rouse-Houston, L.P. (collectively, "GGP-Bridgeland")[1] to pay for construction work performed on the North Bridgelands Lake Parkway ("Parkway") in the Bridgeland master planned community in Cypress, Texas, in violation of the Prompt Pay Act, Tex. Prop. Code §§ 28.001-28.010, and common-law breach of contract.

Pending before the Court is Third Party Defendant Raba-Kistner Consultants, Inc.'s ("Raba-Kistner's") motion for clarification

---

[1] GGP-Bridgeland, L.P. is the successor in interest to Rouse Houston, L.P. as the owner of the planned community, Bridgeland. #44 at 5, ¶ 17.  Rouse. L.P. ceased to exist when the change-of-name certificate was filed to change the name of Rouse L.P. to GGP-Bridgeland. *Id.*

(#83) under Federal Rule of Civil Procedure 60(b)(1), or alternatively 60(b)(6), of the Court's Opinion and Order (#79) granting Raba-Kistner's motion to dismiss pursuant to Sections 150.001 & 150.002[2] of the Texas Civil Practice and Remedies Code (#62).

In its capacity as Third-Party Plaintiff, Harris originally alleged causes of action against Third-Party Defendant engineering firm Raba-Kistner for negligent misrepresentation, contribution, and breach of implied warranty that its services were accurate and sufficient for the purpose in view,[3] arising out of Raba-Kistner's

---

[2] Section 150.002 states in relevant part,

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party . . . licensed professional engineer . . . which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim . . . .
(d) The plaintiff's failure to file the affidavit in accordance with subsection (a) or (b) shall result in dismissal of the complaint against the defendant. The dismissal may be with prejudice.

[3] *Shintech, Inc. v. Group Constructors, Inc.*, 688 S.W. 2d 144, 151 (Tex. App.--Houston [14th Dist.] 1985, no writ)("'Where the contract is silent on the subject, there is an implied warranty that the plans and specifications for a construction job are accurate and sufficient for the purpose in view.'"), *citing Newell v. Mosley*, 469 S.W. 2d 481, 483 (Tex. App.--Tyler 1971, writ ref'd n.r.e.)("'Subject to some exceptions, if a party furnishes specifications and plans for a contractor to follow in a construction job, he thereby warrants their sufficiency for the purpose in view. . . .'")(*quoting* 17A C.J.S. § 329, at 294).

professional responsibility for "construction materials testing of soils and concrete used for" the construction of Bridge B-3 of the Parkway (the "Project"). Raba-Kistner's motion for clarification notes that on May 12, 2010 the Court dismissed with prejudice Third-Party Plaintiff Harris's claim for negligent misrepresentation on the grounds that Raba-Kistner failed to comply with Texas Certificate of Merit requirements, but that it did not address Harris's derivative claim of contribution against Raba-Kistner. #79. On June 1, 2010 Harris filed its First Amended Third Party Complaint still claiming contribution against Raba-Kistner. Raba-Kistner now asks the Court to clarify/amend its order (#79) and dismiss Harris' claim of contribution on the same grounds on which it dismissed the claim of negligent misrepresentation.

Third-Party Plaintiff Harris has not responded to the motion for clarification.

The Court's earlier order noted that Harris's negligent misrepresentation "arises[s] out of Raba-Kistner's provision of professional services" and therefore is subject to the requirements of CPRC 150.001 and 150.002, including the certificate of merit it failed to provide. #79 at 20. Raba-Kistner's motion for clarification argues that the same requirement applies to Harris's claim of contribution and therefore it, too, should be dismissed with prejudice.

Specifically, the Texas Proportionate Responsibility Statute

allows for a contribution claim as applicable to causes of action based in tort only.  Tex. Civ. Prac, & Rem. Code §§ 33.015 and 33.002(a)(1).  A "defendant's claim for contribution is derivative of the plaintiff's right to recover from the joint defendant against whom contribution is sought."  *Shoemake v. Fogel, Ltd.*, 826 S.W. 2d 933, 935 (Tex. 1992), *citing Varela v. American Petrofina Co. of Texas*, 658 S.W. 2d 561, 562 (Tex. 1983).  The Dallas Court of Appeals has held that a contribution claim asserted by a third-party plaintiff is subject to Chapter §§ 150 of the Civil Practices and Remedies Code.  *DLB Architects, P.C. v. Weaver*, 305 S.W. 3d 407, 411 (Tex. App.--Dallas 2010).  In *Weaver* plaintiffs sued a construction company for alleged defective construction of their house.  *Id.* at 408.  In turn, the construction company filed a third-party complaint against the architect, seeking indemnity and contribution.  *Id.*  The appellate court concluded that CPRC § 150.002 governed the third-party claims and that the construction company had to file a certificate of merit at the time the construction company filed its complaint.  *Id.*  Raba-Kistner performed its professional services at the request of and for the benefit of GGP-Bridgeland and/or Rouse, L.P.  Harris's contribution claim derives from its claim that Raba Kistner breached its duty of care to the owner GGP-Bridgelands.  #82 at 6.

### Court's Decision

As a threshold matter, the Court would point out that Rule

60(b) does not apply here.  The Court's order of dismissal of the negligent misrepresentation claim against Raba-Kistner was interlocutory, not final; it did not dispose of all the claims against the engineering firm, no less all claims against all parties.  Under Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims of all the parties' rights and liabilities."

This Court agrees with Raba-Kistner that as a matter of law the dismissal of the negligent misrepresentation claim necessitates the dismissal of the contribution claim against Raba-Kistner, too. *See also, e.g.,* Joe F. Canterbury, Jr. and Robert J. Shapiro, *Texas Construction Law Manual* § 14:11 ("Institution of suit-suits against licensed or registered professionals")(database updated Nov. 2010).

Accordingly the Court

ORDERS that the motion for clarification is GRANTED and Harris' third-party claim for contribution against Raba-Kistner is DISMISSED with prejudice.  Harris's third-party claim against Raba-

Kistner for breach of implied warranty remains pending.

**SIGNED** at Houston, Texas, this 13th day of January, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE